# No. 21-5275

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

—————————

N.S., individually and on behalf of all others similarly situated,
*Appellee*,

v.

Robert A. Dixon, United States Marshal,
District of Columbia (Superior Court), in his official capacity,
*Appellant.*

—————————

On Appeal from the United States District Court
for the District of Columbia

# APPELLEE'S PETITION FOR REHEARING

JACLYN S. FRANKFURT

ALICE WANG

DANIEL GONEN

PUBLIC DEFENDER SERVICE
FOR THE DISTRICT OF COLUMBIA
633 3rd Street NW
Washington, DC 20001
(202) 628-1200
dgonen@pdsdc.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION AND RULE 40(b)(1)(A) STATEMENT .................................... 1

ARGUMENT ........................................................................................... 4

    I.     Dixon's waiver of § 1252(f) cannot be excused by an intervening
           change in the law. ............................................................... 4

        A. Dixon waived § 1252(f) before any precedent even arguably foreclosed
           his argument. ..................................................................... 4

        B. *Grace* did not make Dixon's § 1252(f) argument futile. ............ 7

        C. Dixon continued to waive § 1252(f) even after he was on notice to
           preserve that claim pending *Aleman Gonzalez*. ........................ 8

        D. This Court may not consider § 1252(f) where Dixon failed to invoke it in
           a post-trial motion in District Court. ..................................... 9

        E. Because Dixon failed to invoke the intervening-change-in-law exception
           on appeal, his claim is doubly waived..................................... 11

    II.    The Court overlooked other factors that preclude excusing Dixon's
           waiver even if there was an intervening change in law........................... 12

CONCLUSION ...................................................................................... 17

CERTIFICATE OF COMPLIANCE....................................................................

CERTIFICATE OF SERVICE ............................................................................

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Blau v. Comm'r of I.R.S.*, 924 F.3d 1261 (D.C. Cir. 2019) ........................................8

*Cabrera Diaz v. Hott*, 297 F. Supp. 3d 618 (E.D. Va. 2018), *aff'd sub nom.*, *Guzman Chavez v. Hott*, 940 F.3d 867 (4th Cir. 2019) ...........................14

*City of New York v. Nat'l R.R. Passenger Corp.*, 776 F.3d 11 (D.C. Cir. 2015) ...................................................................................2, 4, 9, 10

*Cox v. McCarthy*, 829 F.2d 800 (9th Cir.1987) ..................................................14

*Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698 (1st Cir. 1996) ......................................................................................13

*Day v. McDonough*, 547 U.S. 198 (2006) ............................................................5

*Flynn v. Comm'r of I.R.S.*, 269 F.3d 1064 (D.C. Cir. 2001) ................................17

*Ford v. Massarone*, 902 F.3d 309 (D.C. Cir. 2018) .....................................4, 11, 13

*Ga. State Chapter Ass'n of Civilian Technicians v. F.L.R.A.*, 184 F.3d 889 (D.C. Cir. 1999) .................................................................................7

*Garland v. Aleman Gonzalez*, 142 S. Ct. 919 (2021) ..........................................8

*Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022) ...........................................1

*Gov't of Manitoba v. Bernhardt*, 923 F.3d 173 (D.C. 2019).............................7, 11

*Gov't of Virgin Islands v. Forte*, 865 F.2d 59 (3d Cir. 1989)..................................8

*Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020)..........................................................1

*Kimes v. Stone*, 84 F.3d 1121 (9th Cir. 1996)..........................................................13

*Leopold v. Manger*, 102 F.4th 491 (D.C. Cir. 2024) ......................................6, 15

*Lesesne v. Doe*, 712 F.3d 584 (D.C. Cir. 2013)......................................................12

*N.S. v. Dixon*, 141 F.4th 279 (D.C. Cir. 2025)......................................1, 8, 13, 16

*Nat'l Women's Law Ctr. v. Office of Mgmt. & Budget*, No. 19-5130, 2020 WL 13561758 (D.C. Cir. June 9, 2020) ....................................16

*Rodriguez v. Marin*, 909 F.3d 252 (9th Cir. 2018) .................................14

*Stoiber v. S.E.C.*, 161 F.3d 745 (D.C. Cir. 1998) ...............................5, 7

*Tax Analysts v. I.R.S.*, 117 F.3d 607 (D.C. Cir. 1997) .......................6, 15

*United Food & Com. Workers Union, Local 400 v. N.L.R.B.*, 989 F.3d 1034 (D.C. Cir. 2021) .................................................................2, 11

*United States v. Chittenden*, 896 F.3d 633 (4th Cir. 2018) ...................13

*United States v. TDC Mgmt. Corp.*, 288 F.3d 421 (D.C. Cir. 2002) ................13, 17

*W & M Props. of Conn., Inc. v. N.L.R.B.*, 514 F.3d 1341 (D.C. Cir. 2008) .....................................................................................7

*Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) ........................9

## Statutes and Rules

8 U.S.C. § 1252(f) .............................. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17

Fed. R. App. P. 40(b)(1)(A) .....................................................................1

Fed. R. Civ. P. 60(b) ............................................................................10

## INTRODUCTION AND RULE 40(b)(1)(A) STATEMENT

This Court should grant rehearing to reconsider whether appellant Robert A. Dixon's conceded failure to argue, at any point in the District Court, that 8 U.S.C. § 1252(f) barred class-wide injunctive relief should be excused. The Court reasoned that, during the District Court proceedings, this Court's decision in *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020), "seemed to foreclose [Dixon's] argument." *N.S. v. Dixon*, 141 F.4th 279, 288 (D.C. Cir. 2025). The Court thus concluded that the "broader" interpretation of § 1252(f) in *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022), was an intervening change in the law that permitted Dixon to raise his § 1252(f) claim for the first time on appeal. *N.S.*, 141 F.4th at 288. In reaching this conclusion, the Court "overlooked or misapprehended" two key issues. Fed. R. App. P. 40(b)(1)(A).

First, Dixon's failure to invoke § 1252(f) in the District Court cannot be attributed to an intervening change in the law. Dixon consistently declined to invoke § 1252(f) in this case even before *Grace* arguably foreclosed his § 1252(f) claim. Before *Grace*, Dixon filed many substantive pleadings addressing the propriety of class-wide injunctive relief—none of which mentioned § 1252(f). There was no controlling precedent that even arguably precluded Dixon from invoking § 1252(f) at those times. Dixon simply chose not to.

1

Even after *Grace*, nothing foreclosed Dixon from arguing that § 1252(f) applied in the materially different context of this case. And Dixon continued to decline to raise § 1252(f) in the still-pending District Court proceedings after the Supreme Court signaled that it might adopt a broad view of § 1252(f) in *Aleman Gonzalez*. And after *Aleman Gonzalez* was decided, Dixon still failed to raise § 1252(f) in a post-trial motion as required to preserve the issue. *See City of New York v. Nat'l R.R. Passenger Corp.*, 776 F.3d 11, 17 (D.C. Cir. 2015)

The claim is not just waived but *doubly* waived. Any claim that the waiver is excused by an intervening change in law is itself waived. Dixon never argued, in his briefs or at oral argument, that he did not invoke § 1252(f) because of *Grace*. Nor did Dixon otherwise argue that there was an intervening change in law. Under principles of appellate waiver, this Court should not have even reached the intervening-change-in-law issue. *See United Food & Com. Workers Union, Local 400 v. N.L.R.B.*, 989 F.3d 1034, 1038 (D.C. Cir. 2021) (party waived exception to waiver rule).

In short, for almost the entirety of the District Court proceedings, Dixon could have raised § 1252(f), or was at least on notice that he should preserve that claim for appellate review. The timeline on the next page shows this. And on appeal, Dixon did not argue otherwise.



**TIMELINE OF RELEVANT PROCEEDINGS**

Before *Grace*, Dixon fails to invoke 8 U.S.C. § 1252(f).

**February 10, 2020**:
Opposition to Preliminary Injunction

**March 4, 2020**:
Opposition to Class Certification

**March 16, 2020**:
Answer

**April 15, 2020**:
Response to Amici Curiae

**June 4, 2020**:
Motion to Reconsider Preliminary Injunction

**July 10, 2020**:
Reply for Motion to Reconsider

**July 17, 2020**:
*Grace v. Barr* decided

**March 12, 2021**:
Dixon cross-motion for Summary Judgment

Dixon is on notice to preserve 8 U.S.C. § 1252(f) claim.

**August 23, 2021**:
Cert. granted in *Aleman Gonzalez*

**September 28, 2021**:
Dixon reply for Summary Judgment

**September 30, 2021**:
Class-wide injunction issued

**November 24, 2021**:
Notice of Appeal

Dixon fails to file a post-trial motion raising 8 U.S.C. § 1252(f).

**June 13, 2022**:
*Aleman Gonzalez* decided

**November 2, 2023**:
Dixon's brief

**May 8, 2024**:
Dixon's reply brief

**September 26, 2024**:
Oral argument

Second, even if the Court had discretion to overlook Dixon's waiver, this Court failed to consider any other factors bearing on whether it *should* exercise that discretion. Here, allowing Dixon to invoke § 1252(f) for the first time on appeal undisputedly prejudices the class, which has forgone other available remedies in reasonable reliance on Dixon's failure to challenge the availability of a class-wide injunction. For that reason alone, this Court should not exercise any discretion it has to excuse Dixon's waiver.

Finally, the Court should affirm the individual injunction for N.S. The Court vacated the order granting injunctive relief in its entirety. But § 1252(f) is no bar to an injunction "with respect . . . to an individual" such as N.S. 8 U.S.C. § 1252(f)(1).

## ARGUMENT

### I.    Dixon's waiver of § 1252(f) cannot be excused by an intervening change in the law.

#### A. Dixon waived § 1252(f) before any precedent even arguably foreclosed his argument.

This Court may exercise discretion to excuse a party's failure to raise a claim or defense below only "in 'extraordinary circumstances.'" *Ford v. Massarone*, 902 F.3d 309, 313 (D.C. Cir. 2018) (quoting *Lesesne v. Doe*, 712 F.3d 584, 588 (D.C. Cir. 2013)); *accord Nat'l R.R. Passenger Corp.*, 776 F.3d at 16 ("[W]e have authority to reach arguments not presented to the district court *only* under *exceptional* circumstances." (emphases added)). One such extraordinary

circumstance, invoked by the Court here, is where the failure to raise a claim below was "*due to* an intervening change in the law." *Stoiber v. S.E.C.*, 161 F.3d 745, 754 (D.C. Cir. 1998) (emphases added).

The notion that Dixon failed to invoke § 1252(f) in the District Court "due to" *Grace* is demonstrably mistaken. Months before *Grace* was decided, Dixon had already waived any claim that § 1252(f) applied in this case.[1] *Grace* was issued on July 17, 2020. By then, Dixon (or his official predecessor) had already filed many pleadings addressing the propriety of a class-wide injunction in which he chose not to raise § 1252(f). He filed an opposition to the motion for a class-wide preliminary injunction on February 10, 2020; an opposition to the motion for class certification on March 4, 2020; an answer on March 16, 2020; a response to amici curiae on April 15, 2020; a motion to reconsider the grant of the class-wide preliminary injunction on June 4, 2020; and a reply in support of that motion on July 10, 2020. JA 3-4. Not once in any of these filings did Dixon mention § 1252(f). All predate *Grace*.

---

[1] Because Dixon did not respond to N.S.'s argument that he deliberately waived, rather than forfeited, his claim, *compare* Br. for Appellee 45, *with* Reply Br. 2, this petition generally uses the term "waiver." But the arguments in this petition apply even if Dixon's claim were merely forfeited. This Court did not resolve whether the claim was waived rather than forfeited, even though, as N.S. noted, it is "an abuse of discretion to override a [party's] deliberate waiver of a[n affirmative] defense." *Day v. McDonough*, 547 U.S. 198, 202 (2006), *cited by* Br. for Appellee 45. That oversight alone warrants rehearing.

Dixon's failure to invoke § 1252(f) in his answer is particularly important. It is undisputed in this case that § 1252(f) is an affirmative defense that must be alleged in the answer.[2] Because the answer was filed months before *Grace*, it is impossible that Dixon failed to invoke § 1252(f) because of *Grace*.

Indeed, the District Court actually issued class-wide injunctive relief *before Grace* and, even then, Dixon never claimed that § 1252(f) barred that relief. The District Court granted a class-wide preliminary injunction on May 7, 2020—months before *Grace*. JA 117-18. Dixon's § 1252(f) argument applied equally to that class-wide injunction. Yet Dixon never claimed that § 1252(f) barred it.

Dixon's failure to raise § 1252(f) when *Grace* did not exist shows that this omission was a deliberate tactical choice. N.S. identified plausible reasons for Dixon to have made that tactical choice, *see* Br. for Appellee 46, and Dixon never disputed this. That precludes excusing his waiver. Where "nothing in the record manifests that [Dixon's] forfeiture of its direct injury theory was anything other than a tactical

---

[2] N.S.'s brief explained this, *see* Br. for Appellee 41-43, and Dixon did not respond in his reply brief or at oral argument. Under controlling precedent, Dixon thus conceded the point. *See Leopold v. Manger*, 102 F.4th 491, 503 (D.C. Cir. 2024) (appellant's failure to "present [a] counterargument in his reply brief" meant "the [appellee's] argument is conceded"); *Tax Analysts v. I.R.S.*, 117 F.3d 607, 610 (D.C. Cir. 1997) (where party "offered nothing in opposition to the [opposing side's] argument," the Court would "treat the argument as conceded").

decision" and Dixon "does not argue otherwise," this Court cannot excuse the waiver. *Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. 2019).

**B. *Grace* did not make Dixon's § 1252(f) argument futile.**

This Court has refused to find "extraordinary circumstances" to excuse a waiver just because then-controlling precedent disfavored the claim. *See, e.g.*, *Ga. State Chapter Ass'n of Civilian Technicians v. F.L.R.A.*, 184 F.3d 889, 892 (D.C. Cir. 1999). Rather, to excuse waiver, a party must show that its claim "would have been *futile*"—not just that it would have "wag[ed] an uphill battle." *Id.* (emphasis added); *see also W & M Props. of Conn., Inc. v. N.L.R.B.*, 514 F.3d 1341, 1346 (D.C. Cir. 2008) (waiver not excusable where party failed to show its claim "was 'clearly doomed'" (citation omitted)).

Here, because *Grace* did not conclusively foreclose application of § 1252(f), *Aleman Gonzalez* "did not elevate [Dixon's § 1252(f) claim] 'from completely untenable to plausible.'" *Stoiber*, 161 F.3d at 754 (quoting *United States v. Byers*, 740 F.2d 1104, 1115 n.11 (D.C. Cir. 1984) (en banc)). The Department of Justice (DOJ) argued in another case—relying on *Grace* itself—that injunctive relief was barred "[i]f the court's 'decision rests on the agency's failure to satisfy the APA's requirement of reasoned decisionmaking,'" because "the agency remains free to 'attempt[] to remedy deficiencies in [its] explanations for these challenged policies and reissue[] them.'" Defs.' Mot. for Summary Judgment & Opp'n to Pltffs.' Mot.

for Summary Judgment 43, *S.A.P. v. Barr*, No. 1:19-CV-3549, 2020 WL 7861071 (D.D.C. Oct. 2, 2020) (quoting *Grace*, 965 F.3d at 908) (first alteration added). That same argument would have applied directly to bar N.S.'s primary claim for injunctive relief—that Department of Justice officials had not adequately justified their purported delegations of authority to make civil immigration arrests. There is "no reason to excuse [Dixon's] failure to preserve [his] claim" when he "'was free to raise the same, straightforward . . . argument the [DOJ] in [*S.A.P.*] made' there." *Blau v. Comm'r of I.R.S.*, 924 F.3d 1261, 1272 (D.C. Cir. 2019) (citation omitted).

The Court's opinion correctly stopped short of saying that *Grace* would have made Dixon's § 1252(f) argument futile. Rather, the Court said that "circuit law *seemed* to foreclose the argument." *N.S.*, 141 F.4th at 288 (emphasis added). But even if *Grace* made it likely that the District Court would reject Dixon's § 1252(f) claim, that is not enough to excuse the waiver.

### C. Dixon continued to waive § 1252(f) even after he was on notice to preserve that claim pending *Aleman Gonzalez*.

On August 23, 2021, while this case was still pending in the District Court, the Supreme Court granted review in *Aleman Gonzalez* to consider whether "under 8 U.S.C. § 1252(f)(1), the courts below had jurisdiction to grant classwide injunctive relief." *Garland v. Aleman Gonzalez*, 142 S. Ct. 919, 919 (2021). At that point, any reasonable government litigant would know that, even if lower courts might reject it, the § 1252(f) argument should be preserved for appellate review. *Cf. Gov't of*

*Virgin Islands v. Forte*, 865 F.2d 59, 62-63 (3d Cir. 1989) (reasonably competent attorney should have foreseen future Supreme Court ruling and preserved issue).

Even then, Dixon still did not invoke § 1252(f). When the Supreme Court granted review in *Aleman Gonzalez*, the District Court had not yet ruled on the parties' cross-motions for summary judgment or granted the permanent injunction. Dixon filed a reply in support of his motion for summary judgment on September 28, 2021, JA 7, yet still failed to raise § 1252(f). Given a clear signal to at least preserve the § 1252(f) claim, Dixon simply chose not to. The Court should not excuse this waiver now. *Cf. Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1119 (9th Cir. 2022) ("intervening change in law exception" did not apply where party "reasonably knew, or should have known," that its position might prevail).

### D. This Court may not consider § 1252(f) where Dixon failed to invoke it in a post-trial motion in District Court.

Even if the Court disagrees with the preceding arguments, Dixon's waiver of § 1252(f) still cannot be excused. Under controlling precedent, once *Aleman Gonzalez* was decided, Dixon was required to—but did not—raise his § 1252(f) claim in a post-trial motion in District Court. This Court has "previously held that a party seeking to raise a new issue on appeal should first present it to the district court pursuant to a Rule 59(e) or 60(b)(6) motion." *Nat'l R.R. Passenger Corp.*, 776 F.3d at 17. This Court's "respect for the district judges suggests we continue to *insist* that

a party wishing to raise a new issue after judgment first advance it before the district court." *Id.* (emphasis added).

After the Supreme Court decided *Aleman Gonzalez* on June 13, 2022, Dixon could have filed a motion for relief from the injunction under Fed. R. Civ. P. 60(b). He had plenty of time: Dixon did not file his opening brief in this Court for nearly another year and a half. Indeed, because the District Court's final judgment was issued less than one year earlier, Dixon could have relied on any of the grounds listed under Rule 60(b), including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6); *see also id.* 60(c)(1) (motions under Rule 60(b)(1)-(3) must be made within one year of judgment). Even if Dixon's § 1252(f) claim were precluded by *Grace* before *Aleman Gonzalez*, Dixon still had an opportunity to raise his claim in the District Court after *Aleman Gonzalez*. He continued to fail to do so. Under *National Railroad Passenger Corp.*, this Court cannot consider the claim for the first time on appeal.

At a minimum, rather than vacate the District Court's ruling, this Court should instead remand the case to the District Court to entertain a Rule 60 motion seeking to raise the § 1252(f) claim. If the District Court finds that Dixon failed to invoke § 1252(f) because of *Grace*, it can determine whether to vacate the class-wide injunction, subject to appellate review by this Court.

### E. Because Dixon failed to invoke the intervening-change-in-law exception on appeal, his claim is doubly waived.

Like any appellate argument, the argument that a forfeited claim may be considered due to extraordinary circumstances can itself be waived if not adequately raised in its brief. *See, e.g.*, *Ford v. Massarone*, 902 F.3d 309, 313 (D.C. Cir. 2018) ("[W]hile we can overlook forfeiture and consider an issue not raised before the district court in 'extraordinary circumstances,' the Commissioners identify no such circumstances here." (citation omitted)); *accord United Food & Com. Workers Union, Local 400 v. N.L.R.B.*, 989 F.3d 1034, 1038 (D.C. Cir. 2021); *Bernhardt*, 923 F.3d at 179. Here, Dixon failed to argue that his waiver of § 1252(f) was excused by an intervening change in law, and therefore waived any exception to the waiver.

As in *United Food and Commercial Workers*, Dixon "never even alleged extraordinary circumstances in [his] opening brief (or in [his] reply brief)." 989 F.3d at 1038. The phrases "extraordinary circumstances," "exceptional circumstances," and "intervening change of law" do not appear in Dixon's briefs. Indeed, though the Court *sua sponte* identified *Grace* as arguably foreclosing Dixon's claim, Dixon made no such claim. He did not cite *Grace* in either of his briefs, or at oral argument. By failing to invoke the intervening-change-in-law exception or develop any argument that *Grace* foreclosed his § 1252(f) claim, he doubly waived the issue. *See United Food & Com. Workers Union*, 989 F.3d at 1038.

Falling short of his burden to identify extraordinary circumstances, Dixon merely observed that *Aleman Gonzalez* "came more than 8 months *after* the district court issued the permanent injunction." Reply Br. 2. At oral argument, Dixon's counsel added that, before *Aleman Gonzalez*, the "expansive scope" of § 1252(f) had not yet been "set forth with such specificity." Oral Arg. Recording 54:12. Counsel did *not* claim that *Aleman Gonzalez* overruled circuit precedent. Waiver cannot be excused merely because a party identifies a new ruling that strengthened its waived claim.

In addition to failing to cite *Grace*, Dixon also failed to invoke the intervening-change-in-law exception entirely. Dixon merely cited *Lesesne v. Doe*, 712 F.3d 584 (D.C. Cir. 2013), for the proposition that "forfeiture may be excused in various circumstances, including where issue is important, straight-forward, has been fully briefed, and is fully dispositive." Reply Br. 3. Dixon's failure to even mention the intervening-change-in-law exception is conspicuous in its absence. It suggests that Dixon's counsel lacked a good-faith basis to even assert that the failure to cite § 1252(f) in the District Court was due to *Grace* or any other perceived legal bar.

## II. The Court overlooked other factors that preclude excusing Dixon's waiver even if there was an intervening change in law.

Even assuming that Dixon established extraordinary circumstances for his failure to raise § 1252(f) in the District Court, that does not mean that this Court

should excuse the waiver. The presence of extraordinary circumstances is a necessary, but not sufficient, condition for the Court to reach a forfeited claim. *See Ford*, 902 F.3d at 313; *United States v. TDC Mgmt. Corp.*, 288 F.3d 421, 427 (D.C. Cir. 2002). The Court must consider other relevant factors before exercising its discretion.

N.S.'s brief identified those other factors, and explained why the preclude excusing the waiver. *See* Br. for Appellee 46-48. Dixon did not dispute this. Despite that, the Court simply held that there was an intervening change in the law, and then reached the waived claim without considering any other factors. *See N.S.*, 141 F.4th at 288. This oversight warrants rehearing.

Even when there has been an intervening change in law, a court may consider a forfeited claim only if "the opposing party was not prejudiced by the failure to raise the issue sooner." *United States v. Chittenden*, 896 F.3d 633, 639 (4th Cir. 2018) (citation omitted); *accord TDC Mgmt.*, 288 F.3d at 427; *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996); *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 709 n.19 (1st Cir. 1996). Here, the undisputed prejudice to the class should prevent the Court from excusing Dixon's waiver.

First, as a result of Dixon's waiver, the entire class did not pursue a significant and viable alternative remedy of habeas corpus. Although neither this Court nor the Supreme Court have squarely decided the issue, other courts have held that a writ of

habeas corpus may be granted on a class-wide basis. *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 804 (9th Cir.1987); *Cabrera Diaz v. Hott*, 297 F. Supp. 3d 618, 626 (E.D. Va. 2018), *aff'd sub nom.*, *Guzman Chavez v. Hott*, 940 F.3d 867 (4th Cir. 2019). And § 1252(f)'s bar on class-wide injunctions does not apply to the distinct remedy of class-wide habeas corpus. *See Rodriguez v. Marin*, 909 F.3d 252, 256-57 (9th Cir. 2018). Indeed, even on appeal, Dixon has not claimed that § 1252(f) barred class-wide habeas relief.

But because Dixon never argued in the District Court that class-wide injunctive relief was barred under § 1252(f), the class effectively abandoned its habeas corpus claim. There was no reason to pursue habeas if a class-wide injunction was undisputedly permitted. Because "plaintiff failed to argue or address his habeas claim," the District Court entered a final judgment against the class on its claim for habeas relief. JA 161. Now, Dixon will surely argue that each class member is barred from seeking habeas relief because a final judgment denying habeas was entered against the class in its entirety. The Court cannot excuse Dixon's waiver of § 1252(f) where the class's responsive waiver of habeas relief is left untouched.

In addition, many individual class members could have obtained *individual* injunctions, which are not barred by § 1252(f), but reasonably relied on the class-wide injunction to protect their rights. Had the government contended that § 1252(f) barred the class-wide injunction, then individual class members (all of whom have

appointed lawyers) could have sought individual injunctions. Now, due to mootness and standing issues, many cannot.

Notably, N.S. identified this prejudice in his brief, *see* Br. for Appellee 46-47, and Dixon did not dispute this in his reply brief.[3] Thus, Dixon has conceded that excusing his waiver of § 1252(f) is unfairly prejudicial. *See Leopold v. Manger*, 102 F.4th 491, 503 (D.C. Cir. 2024); *Tax Analysts v. I.R.S.*, 117 F.3d 607, 610 (D.C. Cir. 1997). Given the conceded prejudice, the Court should not excuse Dixon's waiver.

The class will be prejudiced in another way: by vacating the final class-wide injunction, the Court's ruling will leave the plaintiff class entirely unprotected until the District Court issues a new remedy. In the interim, the class will be entirely exposed to what this Court has affirmed is illegal detention. Not even a declaratory judgment will be in place. Had Dixon raised § 1252(f) in the District Court, then that declaratory judgment would likely be in place already and the class's legal rights would be seamlessly protected.

In addition to the prejudice to the class, other factors weigh against this Court exercising its discretion to excuse Dixon's waiver. Neither Dixon nor the public

---

[3] Dixon instead argued that this undisputed prejudice was legally irrelevant. According to Dixon, the existence of prejudice could not inform the Court's interpretation of the "statutory text." Reply Br. 3 (quoting *Patel v. Garland*, 596 U.S. 328, 346 (2022)). But N.S. is not arguing that prejudice to the class should inform the interpretation of § 1252(f); rather, the Court should enforce Dixon's waiver of § 1252(f) to avoid prejudicing the class.

suffers any significant harm if the waiver of § 1252(f) is enforced. Class-wide injunctive relief has been in place in this case for over five years. Dixon did not appeal the preliminary injunction, and never sought a stay. The government spent roughly two years deciding if Dixon should even appeal the permanent injunction. This lack of urgency undercuts any claim for the extraordinary remedy of excusing a party's waiver. Cf. *Nat'l Women's Law Ctr. v. Office of Mgmt. & Budget*, No. 19-5130, 2020 WL 13561758, at *1 (D.C. Cir. June 9, 2020) ("the government's failure to seek a stay pending appeal or take similarly protective measures" bears on issuance of discretionary equitable relief).

Moreover, the injunction in this case does not prevent the government from arresting or detaining anyone. It merely ensures that only legally authorized officers make the arrests. And nothing stops the government from altering the governing regulations. At oral argument, Dixon's counsel asserted that an adverse merits ruling "could be fixed fairly simply." Oral Arg. Recording at 24:42. Thus, Dixon cannot, and does not, claim any significant harm that flows from holding him to his waiver.

And because it is undisputed that declaratory relief is not barred by § 1252(f), *N.S.*, 141 F.4th at 290 n.7, any "benefit" to the government from replacing a class-wide injunction with a class-wide declaratory judgment is negligible. Dixon's counsel said declaratory relief would be "a distinction without a difference" because Dixon "would comply with declaratory relief" just as he would comply with an

injunction. Oral Arg. Recording 33:48. Thus, excusing Dixon's waiver "would simply prolong the closure date of this litigation without, in all likelihood, advancing the interests of either party." *TDC Mgmt*, 288 F.3d at 427.

In sum, the § 1252(f) issue in this case is not "sufficiently important or fraught with sufficient risk of a miscarriage of justice to warrant deviation from [this Court's] general refusal to address issues raised for the first time on appeal." *Flynn v. Comm'r of I.R.S.*, 269 F.3d 1064, 1069 (D.C. Cir. 2001).

## CONCLUSION

N.S. respectfully requests that this Court grant rehearing and affirm, or, in the alternative, remand to the District Court for consideration of a post-trial motion.

Respectfully submitted,

/s/ Jaclyn S. Frankfurt
Jaclyn S. Frankfurt

/s/ Alice Wang
Alice Wang

/s/ Daniel Gonen
Daniel Gonen

PUBLIC DEFENDER SERVICE
633 3rd Street, NW
Washington, DC 20001
(202) 628-1200
dgonen@pdsdc.org

Counsel for N.S.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 40(d)(3)(A) because this brief contains 3,888 words, excluding the parts of the petition exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in 14-point Times New Roman type style.

August 11, 2025.

*/s/ Daniel Gonen*
Daniel Gonen
*Attorney for Appellee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

*/s/ Daniel Gonen*
Daniel Gonen
*Attorney for Appellee*